UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NOS.:
25-CV-80740-RLR
25-CV-80737-RLR[1]

ROBERT RODRIGUEZ,

    Plaintiff,

v.

EDWARD GELFAND, *et al.*,

    Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**THIS CAUSE** is before the Court on the Motion to Remand filed by Plaintiff Robert Rodriguez at docket entry 3. The Court has reviewed the Motion, Defendants' Response at docket entry 16, and the record, and is fully advised in the premises. For the reasons stated, Plaintiff's Motion to Remand is **GRANTED**.

The relevant procedural background is as follows. Plaintiff Robert Rodriguez, proceeding *pro se*,[2] filed this action in state court against Edward Gelfand, One Bridge MSO LLC, Jacob Elefant, Jared Helfant, Robert Klimov, Radu Olteanu, and Independence Dental Management. DE 1 at 1. The action concerns disputes related to Plaintiff's ownership and interest in a group of dental offices. *See* DE 1-1. Plaintiff asserts claims for declaratory and injunctive relief, breach of contract, fraudulent inducement, breach of fiduciary duty, tortious interference, and civil conspiracy against Defendants. *Id.*

---

[1] Plaintiff Robert Rodriguez filed this Motion to Remand in Case. No. 25-CV-80740-RLR at docket entry 3. Plaintiff Katrina Haro in a related case, with the same causes of action against the same Defendants, adopted this Motion in 25-CV-80737-RLR at docket entry 4.

[2] The Court employs "less stringent standards" in assessing *pro se* pleadings. *See Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 276–77 (11th Cir. 2008) (quoting *Hepperle v. Johnston*, 544 F.2d 201, 202 (5th Cir. 1976)).

Defendants Gelfand and Klimov removed the action, pursuant to 28 U.S.C. § 1441, based on diversity jurisdiction. *Id.* In support, Defendants state in their Notice of Removal that Plaintiff is a citizen of Florida; that Defendants Gelfand, Klimov, Olteanu, and Independence Dental Management are diverse from Plaintiff; and that Defendant One Bridge MSO LLC is a non-existent entity and therefore may be disregarded for purposes of determining diversity. *Id.* ¶ 4.

Defendants also assert, however, that Plaintiff fraudulently joined Defendants Helfant and Elefant, *id.*, whom Plaintiff alleged are also citizens of Florida, DE 1-1 ¶¶ 4–5. As the removing party, Defendants must prove that either: (1) there is no possibility that Plaintiff can establish a cause of action against the resident Defendants; or (2) Plaintiff has fraudulently pled jurisdictional facts to bring the resident Defendants into state court. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

Here, Defendants assert in their Notice of Removal that the Court must disregard the citizenship of Helfant and Elefant because the pleadings "do not assert any viable claims against these defendants such that there is no possibility the plaintiff can establish a cause of action against these resident defendants." DE 1 ¶ 4. Defendants also assert that Helfant's "verified response" to Plaintiff's state-court complaint "requests that the court grant the relief that Plaintiff seeks against the other defendants, aligning himself with Plaintiff." *Id.*

But Defendants' Notice of Removal does not adequately establish that there is *no possibility* that Plaintiff can establish a cause of action against the resident Defendants. "When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Id.* Plaintiff's Complaint alleges that all Defendants—including resident Defendants Elefant and Helfant—owed and

2

breached their "fiduciary duties to Plaintiff as business partners, equity managers, or controlling members." DE 1-1 at 9.  Plaintiff alleges that Defendants Elefant and Helfant coordinated "to conceal material information, including the terms of the sale and conversion efforts, and failed to protect Plaintiff's equity position." *Id.* at 8.

"If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440–41 (11th Cir.1983), *superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993)).

Defendants have asked the Court to adjudicate on the front end the merits of Plaintiff's case.  But Defendants' burden as the removing party is a "heavy one," and the Court is not prepared to conclude at this stage that there is no possibility for Plaintiff to establish any cause of action against the resident Defendants. *B, Inc. v. Miller Brewing Co..*, 663 F.2d 545, 549 (5th Cir. 1981).

Therefore, for the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff Robert Rodriguez's Motion to Remand [DE 3] is **GRANTED**.  The Clerk of Court shall **CLOSE THIS CASE**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.  This case shall be **REMANDED** to the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 2nd day of July, 2025.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record